ALVAREZ, PLAINTIFF AND APPELLANT, *v.* SUCCESSORS OF C. & J. FANTAUZZI, DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Guayama in an Action for the Abatement of a Nuisance.

No. 1807.—Decided December 23, 1918.

NUISANCE—RAILROADS.—When railroads have been constructed with the permission of the competent authorities the noise, smoke, vibration, etc., which they produce cannot be considered as nuisances even when they run through the streets of a town, unless such disturbances are caused by their negligent operation or management.

ID.—ID.—MUNICIPALITIES.—The municipalities of Porto Rico have no authority to grant or authorize the laying of railroad tracks through their streets.

ID.—ID.—COMPLAINT.—In an action for damages the complaint sets up a cause of action when it is alleged therein that the smoke from the locomotive floods the courtyard of the plaintiff's house, filling it with cinders and staining and disfiguring the painted woodwork, and that furthermore "the overflow of fermentation from a molasses tank built by the defendant on his own land but at a distance of twenty inches from the courtyard of the plaintiff's house contributes to and accelerates the oxidation of the roof."

ID.—COMPLAINT.—An allegation that the overflow from the said molasses tank
    continually emits disagreeable odors and unhealthful gases which injure the
    inhabitants of a house belonging to plaintiff, is sufficient to set up a cause
    of action for the abatement of a nuisance, because the facts show the exist-
    ence of annoyance, injury and harm which materially impair the free enjoy-
    ment of life and property and affect all the inhabitants of the town, but
    which give rise to an action by the plaintiff because of the injury done to
    his property.

The facts are stated in the opinion.

Mr. F. Cervoni Gely for the appellant.

Mr. José C. Ramos for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

Lino M. Alvarez brought an action against Successors of
C. & J. Fantauzzi in the District Court of Guayama for the
abatement of nuisances, alleging, in the first place, that about
two months before he had bought a house in Sol Street,
Arroyo, Porto Rico, and that a railroad constructed by defend-
ants five or six years before, principally for transporting their
sugar and other needed articles between their sugar factory
Lafayette and their warehouses, crosses Sol Street in entering
the town of Arroyo with the authorization of the municipality
only and without any franchise from the Executive Council or
other lawful authority, passing within eight feet of the plain-
tiff's house, the jarrings of the trains causing intense disturb-
ance and annoyance to its inmates, disturbing their sleep when
passing at night and making their lives disagreeable and miser-
able; and that, moreover, the smoke from the defendants'
locomotives floods the yards, fills it with cinders, staining
and disfiguring the paint on the house and injuring and
destroying the comfort of the inmates.

The plaintiff further alleged that the defendants had built
on their own land but at a distance of twenty inches from
plaintiff's yard a large iron tank holding more than 100,000
gallons of molasses, which in fermenting continually emits
disagreeable odors and insalubrious gases which the inmates
of his house are forced to breathe with great risk, damage
and detriment to their health, comfort and well-being.

The plaintiff further alleged that the railroad and the tank are permanent works and the annoyance and inconvenience caused thereby are perpetual; that they have caused and are causing the plaintiff damages, because, on account of the inconveniences and dangers resulting from the trains and the molasses tank, his tenant has not only refused to pay a higher rent but has informed him that he intends to move as soon as he finds another house; that he has been prevented from selling the house; that his property has acquired the reputation of being unhealthy, inconvenient and dangerous, and is difficult to rent; that the breathing of carbonic acid gas emanating from the fermenting molasses and the inhaling of the smoke and cinders expose the inmates of the house to serious sickness, decrease its value, stain and disfigure its paint and discolor the roof and walls, and that the natural escape from the tank contributes to and accelerates the oxidation of the roof.

After going on to state that on account of the proximity of the railroad and tank to his house he is the only person in the town of Arroyo who is injured privately, the plaintiff concludes by praying the court for judgment enjoining the running of trains at that place, and that the defendants pay to the plaintiff damages in the sum of $600 together with the costs and attorney fees.

The demurrer, that the facts stated in the complaint did not constitute a cause of action, was sustained by the district court on the ground that it was not alleged that the railroad is operated and maintained in a negligent manner; and as to the tank, because the complaint does not explain why it is a public or private nuisance. Plaintiff having refused to amend his pleading after being granted leave by the court, judgment was entered on the plaintiff's motion dismissing the complaint with the costs, disbursements and attorney fees, from which judgment the present appeal was taken.

When railroads have been constructed with the permission of the competent authorities the noise, smoke, vibrations, etc.,

which they produce cannot be considered as nuisances even when they run through the streets of a town, unless such disturbances are caused by their negligent operation or management. 33 Cyc. 644. The reason for this rule is found in the great benefits which railroads bring to the community, to which private interests are subordinate if the disturbances arise from their natural operation and not from negligence in the management of the railroads.

Having settled this point, the question to be decided in this case is whether the allegation of the complaint that the railroad in question crosses Sol Street in the town of Arroyo with the permission of the municipality only is sufficient to cause it to be understood as having been constructed with the permission of competent authority, and that therefore it is necessary to set up that its negligent operation is the cause of the injury of which the plaintiff complains.

Municipalities are created by the Legislature and have no other powers than those delegated to them; and the power to authorize the running of railroads through the streets of a town is not included among the powers delegated to the municipalities by the Legislature, for the power granted to them by law to survey, open and maintain their streets does not include the power of converting them into a railroad in whole or in part; and as municipalities have no inherent power to grant such privileges as those under consideration, it is evident that the railroad of the defendants does not cross Sol Street in Arroyo with the permission of competent authority. 28 Cyc. 866, 867, 869; *Davis* v. *New York,* 14 N. Y. 506, 67 Am. Dec. 186; *Stevenson* v. *Missouri Pac. Ry. Co.* (Mo. 1895) 31 S. W. 793.

In support of the judgment the appellees allege that two classes of damages are set up in the complaint as caused by the railroad, one being personal damages suffered by the inmates of the house and not by the owner, who cannot therefore base his complaint thereon, and the other damages to the property, which are not suffered by the plaintiff, but by the

former owner of the property when the railroad was constructed, and that the plaintiff cannot sue for such damages unless the cause of action were assigned to him.

While this is true, still the complaint also sets up present damages being suffered by the plaintiff, such as the smoke from the locomotive which floods the yard, filling it with cinders and staining and disfiguring the paint.

The appellees plead the same defense of lack of capacity on the part of the plaintiff to sue for personal damages suffered by the inmates of the house through the emission of gases from the molasses in the tank and add that no damage to the property is claimed; but this last point is answered by section 5 of the eighth count, which reads:

"The gases caused by fermentation in the tank accelerate and contribute to the oxidation of the roof."

Therefore the plaintiff alleges that he is suffering injury to his property under both causes of action and consequently can maintain his action.

As to the court's holding that the cause of action regarding the tank does not show why it constitutes a public or private nuisance, it suffices to recall that the plaintiff alleges in this particular that the molasses was continually emitting disagreeable odors and noxious gases which injured his tenants and his property, and this allegation sets up a nuisance because it describes an injury, disturbance, or damage which essentially interferes with the enjoyment of life and property. Such a nuisance is public because it affects all of the inhabitants of Arroyo, but it is ground for an action by the plaintiff because it works an injury to his property. 29 Cyc. 1152.

For the reasons stated and as the plaintiff alleges facts sufficient to constitute a cause of action in favor of the appellant, the judgment should be reversed and the case remanded to the court below.

*Reversed and remanded.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice Hutchison concurred in the judgment.